IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESUS FAUSTINO PEREA MORALES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES POSTAL SERVICE, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 8:24-cv-02906-LKG <br><br> Dated:  November 13, 2025 |

### MEMORANDUM OPINION

**I.      INTRODUCTION**

In this civil action, the Plaintiff, Jesus Faustino Perea Morales, brings a negligence claim against the United States Postal Service ("USPS"), pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, arising from injuries that he allegedly incurred during a motor vehicle collision with a USPS vehicle on February 15, 2023. *See generally* ECF No. 1. The Government has moved to substitute the United States as the defendant in this case, pursuant to 28 U.S.C. § 2679(d), and to dismiss the Plaintiff's claim for damages in excess of the $18,870.00 administrative claim that he filed with the USPS, pursuant to Fed. R. Civ. P. 12(b)(1). ECF Nos. 11 and 11-1.  This motion is fully briefed.  ECF Nos. 11, 11-1 and 14.  No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** the Government's motion to substitute and to dismiss (ECF No. 11); (2) **SUBSTITUTES** the United States as the Defendant in this case; and (3) **DISMISSES** the Plaintiff's claim for damages in excess of $18,870.00.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A. Factual Background

In this civil action, the Plaintiff brings a negligence claim against the USPS, pursuant to the FTCA, arising from injuries that he allegedly incurred during a motor vehicle collision with a USPS vehicle on February 15, 2023. *See generally* ECF No. 1. The Plaintiff alleges in the complaint that he suffered mental and physical pain, sustained bodily injuries and required medical care and treatment, after the USPS truck collided with his vehicle. ECF No. 1 at ¶¶ 10 and 15. As relief, the Plaintiff seeks to recover $75,000 in compensatory damages and costs from the Government. *Id.* at Prayer for Relief.

<u>Background</u>

As background, on February 15, 2023, the Plaintiff was driving his motor vehicle southbound on Lanham Severn Road in Prince George's County, Maryland. *Id.* at ¶ 7. The Plaintiff alleges that, at some point thereafter, USPS truck driver Jonathan Ray Cepheus "pulled [his USPS truck] out from a stopped position and struck the passenger side of the Plaintiff's vehicle." *Id.* at ¶ 10.

The Plaintiff alleges that the collision was a result of Mr. Cepheus negligently operating the USPS truck and that Mr. Cepheus was acting under the scope of his employment with the USPS at the time of the accident. *Id.* at ¶ 9. The Plaintiff also alleges that Mr. Cepheus breached a duty to operate the USPS truck in a safe and reasonable manner, "when he was careless and negligent in that he did not have his vehicle under proper and sufficient control, failed to observe the presence and proximity of the Plaintiff's vehicle, failed to yield the right of way to Plaintiff's vehicle, and was in other respects, careless, reckless and negligent." *Id.* at ¶ 13.

In addition, the Plaintiff alleges that he was not negligent and that he did not contribute to the motor vehicle collision. *Id.* at ¶ 14. And so, the Plaintiff contends that he suffered "mental and physical pain," "injuries to his body," "loss of earnings and/or earnings capacity," and may continue to suffer pain and losses in the future, as a direct and proximate result of the collision. *Id.* at ¶¶ 11-15.

---

[1] The facts recited in this memorandum opinion are taken from the complaint; the Government's motion to substitute and to dismiss; the Plaintiff's response to the Government's motion; and the exhibits attached thereto. ECF Nos. 1, 11, 11-1, 14, and 14-1–14-5.

2

On August 15, 2023, the Plaintiff filed an administrative claim with USPS *via* a Standard Form 95.  ECF No. 11 at ¶ 2.  This administrative claim seeks to recover $11,925.00 in damages for personal injuries sustained during the collision.  ECF No. 14-3.

On August 16, 2023, the Plaintiff filed a second Standard Form 95 with USPS seeking damages in the amount of $6,945 for property damages to his vehicle.  ECF No. 14-5; *see also* ECF No. 11 at ¶ 3.

On September 12, 2023, the Plaintiff provided the USPS with bills, medical records and photographs to support his administrative claims.  ECF No. 14-4.  The Plaintiff received the USPS's final denial of his administrative claims on May 13, 2024.  ECF No. 1 at ¶ 5.

### B. Procedural History

The Plaintiff commenced this FTCA action on October 7, 2024.  *See generally* ECF No. 1.  On April 23, 2025, the Government filed a motion to substitute party and to dismiss the Plaintiff's claim for damages in excess of $18,870.00, and a memorandum in support thereof.  ECF Nos. 11 and 11-1.

On May 15, 2025, the Plaintiff filed a response in opposition to the Defendant's motion.  *See* ECF No. 15.

The Defendant's motion having been fully briefed, the Court resolves the pending motion.

### III. LEGAL STANDARDS

#### A. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F.*

*Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (citation omitted). And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799 (citation omitted).

### B. The Federal Tort Claims Act

The FTCA waives "the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment." *Brownback v. King*, 592 U.S. 209, 212 (2021) (internal quotation marks omitted) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994)). Pursuant to the FTCA, the Court may consider, with certain enumerated exceptions, claims for money damages arising from the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," so long as "a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Jackson v. United States*, 77 F. Supp. 2d 709, 712 (D. Md. 1999) ("Under the [FTCA], the United States will be liable for acts or omissions of its agents that are tortious under the law of the place where the act or omission occurred.").

To bring a cognizable claim under the FTCA, a plaintiff must show that her claim is:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)). Before bringing an FTCA claim before this Court, a plaintiff must first "present[] . . . an administrative claim to the government within two years of the incident." *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (citing 28 U.S.C. § 2401(b) (1994)). Such an administrative claim is considered properly presented when the appropriate federal agency receives a completed Standard Form 95, or some

other written notification of the incident, and a claim for money damages in a sum certain for the injury. *Id.* at 278 (citing 28 C.F.R.§ 14.2(a) (1999)).

Relevant to the pending motion to dismiss, the notice must be "(1) sufficient to enable the agency to investigate and (2) places a 'sum certain' value on [his] claim." *Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994) (quoting *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir. 1990)). Given this, an FTCA claim "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b); *see also Ahmed*, 30 F.3d at 571 (holding that "[t]he sum-certain requirement is one of substantial importance, and even courts liberally construing the presentment requirement under the FTCA require that the claimant place a certain value on the claim"); *Kokotis*, 223 F.3d at 279 (holding that the sum certain requirement "allows an agency to assess a claim's settlement value," and the FTCA's "purpose is frustrated if the administrative claim does not indicate a specific amount of money" (citing *Ahmed*, 30 F.3d at 517)).[2] And so, a plaintiff "may not sue for 'any sum in excess of the amount of the claim presented to the federal agency.'" *Chang-Williams v. United States*, No. DKC 10-0783, 2011 WL 2680714, at *2 (D. Md July 7, 2011) (quoting 28 U.S.C. § 2675(b)).

IV.   ANALYSIS

The Government has moved to substitute the United States as the proper defendant in this FTCA action, pursuant to 28 U.S.C. § 2679(d), and to dismiss the Plaintiff's claim for damages in excess of the $18,870.00 that the Plaintiff sought in his administrative claims, for lack of subject-matter jurisdiction. ECF Nos. 11 and 11-1. And so, the Government requests that the Court substitute the United States as the proper defendant in this case and dismiss the Plaintiff's claim for damages in excess of $18,870.00. ECF No. 11-1 at 2-3.

In his response to the Government's motion, the Plaintiff acknowledges that the United States is the proper defendant in this FTCA action. ECF No. 14 at 2. But, the Plaintiff argues that the Court should not dismiss his claim for damages in excess of $18,870.00, because his administrative claims placed the USPS on notice that the $18,870.00 in damages requested was

---

[2] This Court has held, however, that a plaintiff may seek a sum of damages in an FTCA action that is greater than the amount sought in the administrative claim, if the plaintiff has "'newly discovered evidence not reasonably discoverable at the time of presenting the [administrative] claim to the federal agency,' or . . . [that she] can allege and prove 'intervening facts' related to the damage amount." *Chang-Williams v. United States*, No. DKC 10-0783, 2011 WL 2680714, at *2 (D. Md July 7, 2011) (quoting 28 U.S.C. § 2675(b)).

5

not the final valuation of his total damages and that he was also seeking noneconomic damages for his injuries. *Id.* at 3-4. And so, the Plaintiff request that the Court deny the Government's motion to dismiss his claim for damages in excess of $18,870.00. *Id.* at 5.

For the reasons set forth below, the United States is the proper defendant in this FTCA case. A careful reading of the complaint and the Plaintiff's administrative claims also makes clear that the Court may not consider the Plaintiff's damages claim for amounts in excess of the $18,870.00 sought in the Plaintiff's administrative claims before the USPS. And so, the Court: (1) GRANTS the Government's motion to substitute (ECF No. 11); (2) SUBSTITUTES the United States as the Defendant in this case; and (3) DISMISSES the Plaintiff's claim for damages in excess of $18,870.00.

### A. The Court Substitutes The United States As The Proper Defendant

As an initial matter, the Government correctly argues that the United States, rather than the USPS, is the proper defendant in this FTCA action. It is well-established that the United States is the only "proper defendant" to an FTCA suit. *See Chang-Williams v. Dep't of the Navy*, 766 F. Supp. 2d 604, 608 (D. Md. 2011) ("The FTCA expressly provides . . . for liability against only '[t]he United States,' . . . and plaintiffs seeking relief under the Act may pursue it against that defendant alone.") (citing 28 U.S.C. § 2674); *see also FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (holding that a plaintiff must show that his claim is "against the United States" to bring a cognizable claim). And so, the Court SUBSTUTUTES the United States as the Defendant in this FTCA action.

### B. The Court May Not Consider The Plaintiff's Damages Claim In Excess Of $18,870.00

The Government also persuasively argues that the Plaintiff may not seek to recover damages in this FTCA action that exceed the total amount of damages that he sought in his administrative claims before the USPS. It is well-established that the Plaintiff must first present his administrative claim to the Government within two years of the incident, before bringing an FTCA action in this Court. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (citing 28 U.S.C. § 2401(b)). The Fourth Circuit has also made clear that the notice provided in the administrative claim must be "(1) sufficient to enable the agency to investigate and (2) places a 'sum certain' value on [his] claim." *Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994) (quoting *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir. 1990)).

6

Given this, the Plaintiff's FTCA claim "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b); *see also Ahmed*, 30 F.3d at 571 (holding that "[t]he sum certain requirement is one of substantial importance, and even courts liberally construing the presentment requirement under the FTCA require that the claimant place a certain value on the claim."); *Kokotis*, 223 F.3d at 279 (holding that the sum certain requirement "allows an agency to assess a claim's settlement value," and the FTCA's "purpose is frustrated if the administrative claim does not indicate a specific amount of money" (citing *Ahmed*, 30 F.3d at 517)). And so, generally, the Plaintiff may not sue for any sum in excess of the amount of the claim that he presented to the USPS. *Chang-Williams*, 2011 WL 2680714, at *2.

In this case, the Plaintiff seeks to recover damages from the Government that well-exceed the total amount of the damages stated in his administrative claims before the USPS. Notably, it is undisputed that, on August 15, 2023, the Plaintiff filed an administrative claim with USPS seeking to recover $11,925.00 in damages for personal injuries sustained during the collision. ECF No. 14-3. It is also undisputed that, on August 16, 2023, the Plaintiff filed a second Standard Form 95 with USPS seeking damages in the amount of $6,945 for property damages to his vehicle. ECF No. 14-5; *see also* ECF No. 11 at ¶ 3. And so, the total amount of damages sought in the Plaintiff's administrative claims is $18,870.00.

But, the Plaintiff seeks to recover damages in the amount of $75,000.00 from the Government in this FTCA litigation. ECF No. 1. And so, absent a showing that he may increase the amount of damages sought in this FTCA litigation, the Plaintiff may not sue in this Court for any sum in excess of the amount sought in his administrative claims before the USPS. *Chang-Williams*, 2011 WL 2680714, at *2; *see also* 28 U.S.C. § 2675(b).

The Plaintiff has not met his burden to show that he may seek damages in excess of $18.870.00 in this case. In his response in opposition to the Government's motion to dismiss, the Plaintiff argues that the Court may consider his claim for damages in the amount of $75,000.00, because his administrative claims placed the USPS on notice that the $18,870.00 in damages requested was not the final valuation of his total damages and that he was also seeking noneconomic damages for his injuries. ECF No. 14 at 3-4. To support this argument, the Plaintiff correctly observes that he provided the USPS with, among other things, billing and medical records to support his administrative claims on September 12, 2023. *See* ECF No. 14-4.

7

But these documents do not appear to support damages in an amount that exceeds the sum sought in the Plaintiff's administrative claims. *See id.* The Plaintiff also does not indicate in these documents that he is seeking to modify or increase the sum certain contained in his administrative claims. *See id.*

More importantly, the Plaintiff does not point to any newly discovered evidence, that was not reasonably discovered when he presented his administrative claims to the USPS, to show that he may pursue a sum of damages in this FTCA litigation that is greater than the amount sought in his administrative claims. *See Chang-Williams*, 2011 WL 2680714, at *2 (holding that a plaintiff can seek damages in excess of an administrative claim if "'newly discovered evidence not reasonably discoverable at the time of presenting the [administrative] claim to the federal agency,' or . . . [that she] can allege and prove 'intervening facts' related to the damage amount."). The Plaintiff also fails to show that there were any intervening facts, between the time of the filing of his administrative claims and the commencement of this civil action on October 7, 2024, that would warrant increasing the amount of the damages that he may seek in this FTCA litigation. *See generally* ECF No. 14.

Given this, the Court agrees with the Government that the Plaintiff has not shown that the Court may consider his claim for damages in excess of the amount sought in his administrative claims before the USPS. And so, the Court also GRANTS the Government's motion to dismiss the Plaintiff's claim for damages in excess of $18.870.00, pursuant to Fed. R. Civ. P. 12(b)(1).

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Government's motion to substitute and to dismiss (ECF No. 11);

(2) **SUBSTITUTES** the United States as the Defendant in this case; and

(3) **DISMISSES** the Plaintiff's claim for damages in excess of $18,870.00.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge